[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11965
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00350-LJA


WILLIAM D. HUGHLEY,

Plaintiff-Appellant,

versus


UPSON COUNTY BOARD OF COMMISSIONERS,
JUDGE CHRISTOPHER C. EDWARDS,
Superior Court, Griffin Judicial Circuit, official and
individual capacity,
JUDGE W. FLETCHER SAMS,
Superior Court, Griffin Judicial Circuit, official and
individual capacity,
JUDGE TOMMY RICHARD HANKINSON,
Superior Court, Griffin Judicial Circuit, official and
individual capacity,
JUDGE ROBERT MALLORY CRAWFORD,
Superior Court, Griffin Judicial Circuit, official and individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 24, 2017)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

William Hughley appeals the dismissal of his amended complaint against the Upson County Board of Commissioners and Judges Christopher Edwards, Fletcher Sams, Tommy Hankinson, and Robert Crawford of the Superior Court of the Griffin Judicial Circuit. The district court dismissed Hughley's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We affirm.

## I. BACKGROUND

Hughley served as an associate magistrate judge in Upson County from 1991 to 2013. On July 23, 2013, Hughley received a letter from the Judicial Qualifications Commission requesting evidence that his "current appointment . . . compl[ied] with the requirements of OCGA 15-10-20 . . . [as being] properly consented to by the Superior Court judges." *See* Ga. Code Ann. § 15-10-20(c)(1), (d). The Chief Magistrate Judge submitted to the Superior Court Judges a letter appointing Hughley, but the Judges did not approve Hughley's appointment.

2

Hughley, through counsel, filed a complaint against the Board and the Judges. Hughley complained that his "employment was terminated" because he was "52 years of age," in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and because he was "African-American," in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 2000e-2, and the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV; 42 U.S.C. § 1983. Hughley alleged that the Judges "intentionally made false complaints . . . to the [Judicial Qualifications Commission]" in which they "falsely stated that [he] was not properly admitted as a magistrate judge." Hughley also alleged that the Judges "wanted to replace [him] with a Caucasian woman" and that at least one Judge harbored "racial anim[us]" because Hughley had been hired pursuant to "a Federal Order mandating the appointment of a minority associate magistrate judge." Hughley also complained about retaliation by the Board and Judges, in violation of Title VII, *id.* §§ 1981, 2000e-2, and about the violation of his right to free speech under the First Amendment, U.S. Const. Amend. I. *See* 42 U.S.C. § 1983. Hughley alleged that he "upset" the Board and the Judges and they "agreed to have [him] removed from his position as magistrate judge" because he had "scolded" a police officer and "bann[ed] [him] from the magistrate court," which forced the officer to request "criminal warrants" from the Judges and "increased their workload."

3

The Board and the Judges filed motions to dismiss, which the district court granted. *See* Fed. R. Civ. P. 12(b)(6). The district court ruled that Hughley failed to allege facts to establish that either the Board or the Judges had the required number of employees to qualify as an employer under Title VII and the Age Discrimination Act. Even had Hughley satisfied the numerosity requirement, the district court ruled, he failed to state plausible claims of discrimination based on his race or age. The district court also ruled that Hughley's complaints that the Board and the Judges violated section 1983 and his rights to equal protection and free speech were "improperly pled" and, in the alternative, failed to state a claim for relief.

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint for failure to state a claim. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 962 (11th Cir. 2016). We accept all allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* Dismissal for failure to state a claim is appropriate if the facts pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Hughley argues that his "complaint states plausible claim[s]." Hughley argues that his factual allegations provided "fair notice" to the Board and the Judges that they qualified as employers and that they had violated his rights under

4

the "First and Fourteenth Amendment[s]." Hughley also argues that he alleged facts sufficient to establish that the Board and the Judges discriminated against him; that he spoke "as a citizen similar to [a] person acting as a juror in a criminal trial"; and that his "remov[al] from office without cause" "violated the [E]qual [P]rotection [Clause] of the 14th Amendment." We reject these arguments.

Hughley failed to allege facts establishing that either the Board or the Judges qualified as an employer, as required to state a claim under Title VII and the Age Discrimination Act. Those statutes prohibit discrimination by an "employer," 42 U.S.C. § 2000e-2(a)(1) (Title VII); 29 U.S.C. § 623(a)(1) (Age Discrimination), which is defined as a person who employs 15 or more employees, 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b). *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006). Hughley failed to allege that the Board or the Judges had any employees, and the charge of discrimination attached to his complaint stated that the number of employees was "unknown."

Even if Hughley had pleaded facts that satisfied the numerosity requirement, he failed to state a plausible claim of discrimination based on his race under Title VII or sections 1981 or 1983 or based on his age under the Age Discrimination Act. Although Hughley's complaint contained facts sufficient to establish three elements common to all his causes of action—he "is a member of a protected class," was qualified for the position, and "was subjected to an adverse

5

employment action"—there were no facts alleged that supported the fourth element of each of his claims. *See Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (Title VII and section 1981); *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998) (Age Discrimination Act). Hughley failed to state a claim of racial discrimination because he alleged no facts suggesting that his "employer treated similarly situated employees outside of [his] protected class more favorably than [him]." *See Burke-Fowler*, 447 F.3d at 1323. Hughley alleged that the Judges "wanted to replace [him] with a Caucasian woman," but he failed to identify who replaced him. That omission was also fatal to Hughley's complaint about age discrimination because there were no facts alleged from which to plausibly infer "that a substantially younger person filled [his] position," *see Turlington*, 135 F.3d at 1432, or that his age played a role in the decision not to reappoint him, *see Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000).

Hughley argues that his "complaint reveals there aren't any factual reasons" other than discrimination to explain why he was denied a reappointment, but Hughley alleged a legitimate, nondiscriminatory reason in his complaint. Hughley alleged that he was "fired from his position because he refused to allow [the police officer] in his courtroom to obtain warrants," which "upset" the Judges because that "increased [their] workload."

6

Hughley's arguments that his complaint stated plausible claims of "intentional race discrimination" fail. Hughley alleged that the Judges "made false complaints" to the Judicial Qualifications Commission "that [Hughley] was not properly admitted as a magistrate judge" to conceal their discrimination, but his claim of falsity is negated by Hughley's allegation that he "served as magistrate judge without his appointment ever being consented [to] or approved by the Superior Court Judges." Hughley also argues, for the first time, that "the Appellees have an immediate past [history] of discrimination," *see Lee v. Conecuh Cty. Bd. of Ed.*, 634 F.2d 959, 963 (5th Cir. 1981), but we decline to consider an argument that Hughley did not present to the district court, *see Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Hughley's complaints about violations of his constitutional rights had similar deficiencies. Hughley's complaints that the Board and the Judges violated "The Civil Rights Act of 1877, 42 U.S.C. § 1983," "Equal Protection under the 14th Amendment," and the "1st Amendment of the United State[s] Constit[ution]" failed to state cognizable claims for relief. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (Section "1983 is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred."); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1299 (11th Cir. 2007). And Hughley's factual allegations failed to establish that he had been deprived of "any

rights, privileges, or immunities secured by the Constitution and laws" of the United States, 42 U.S.C. § 1983. Hughley complained about retaliation for exercising his rights under the First Amendment, but he failed to allege facts that established he had engaged in constitutionally protected speech, *see Ziegler v. Martin Cty. Sch. Dist.*, 831 F.3d 1309, 1327 (11th Cir. 2016). Hughley spoke as a magistrate judge, instead of "as a citizen on a matter of public concern," *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006), when he scolded the police officer and banned him from the magistrate court. Hughley also complained about the violation of his right to equal protection, but he failed to allege sufficient facts from which to plausibly infer that the discrimination was intentional, *see Williams v. Consol. City of Jacksonville*, 341 F.3d 1261, 1268 (11th Cir. 2003). Hughley's conclusory allegation that he lost "his position as magistrate judge because he is an African-American man," in the words of the district court, "lack[ed] sufficient detail to support a reasonable inference that individual members [who made the decision] possessed the requisite intent to discriminate against [Hughley] because of his race."

We **AFFIRM** the dismissal of Hughley's amended complaint.

8